# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

-----------------------------------------------------------------------X

In re

MARITIMO OFFSHORE PTY. LTD.

              Debtor in a Foreign Proceeding.

In a Case Under Chapter 15
of the Bankruptcy Code

Case No.: 16- _____(AMN)

-----------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF FOREIGN MAIN PROCEEDING AND RELATED RELIEF

Maritimo Offshore PTY. LTD. ("Maritimo" or "Debtor"), by and through their administrators ("Administrators") (Administrators appointed), and foreign representatives, Brian Silva and Andrew Cummins, as defined by § 101(24) of Title of the United States Code ("Bankruptcy Code"), of Maritimo Offshore PTY. LTD. ("Maritimo" or "Debtor"), respectfully submit this Memorandum of Law by the undersigned counsel, in support of the Verified Petition ("Verified Petition") under Chapter 15, dated October 21, 2016, for recognition of a Voluntary Administration in Australia as a foreign main proceeding, and for the relief related therein.

## PRELIMINARY STATEMENT

By the Verified Petition, Maritimo seeks recognition of the Voluntary Administration as a foreign main proceeding, which proceeded by the appointment of the Administrators herein on October 11, 2016. In accordance with Section 436A of the Australian Corporations Act 2001 (Cth) as amended ("Corporations Act")[1] the Director of Maritimo entered a resolution

---

[1] *Commonwealth of Australia Consolidated Acts,* Long Title: An Act to make provision in relation to corporations and financial products and services, and for other purposes, Short Title: Australian Corporations Act 2001 (CA §).

("Resolution") which concluded that Maritimo was likely to become insolvent at some point and appointed the Administrators for purposes of a reorganization of Maritimo. Verif. Pet., Exhibit A. This was determined to be more likely to result in increasing the chances that Maritimo could continue the business through a corporate reorganization, and restructuring to avoid liquidation. In furtherance of this goal, Brian Silva and Andrew Cummins, partners of BRI Ferrier, a firm in Australia, were appointed as Administrators for purposes of administering the affairs of Maritimo during the Voluntary Administration, and acting as the foreign representatives of Maritimo.

A Voluntary Administration, in accordance with Australian law, is entitled to recognition as a foreign main proceeding and the relief accorded under Title 11, Chapter 15 of the U.S. Bankruptcy Code ("Bankruptcy Code").[2] Chapter 15 of the Bankruptcy Code authorizes this Court to recognize a foreign main proceeding as defined under § 101(23) of the Bankruptcy Code, upon the proper commencement of a case under Chapter 15 by a foreign representative as defined under § 101(24) of the Bankruptcy Code to assist the foreign representative in connection with a foreign main proceeding. § 1502(7).

The Verified Petition satisfies all of the requirements set forth in § 1515 of the Bankruptcy Code, as supported by the Joint Declaration. The relief requested herein is necessary and appropriate under Chapter 15 of the Bankruptcy Code. Granting recognition to the Voluntary Administration under Chapter 15 and the relief upon recognition thereunder, is consistent with the goals of international cooperation, since assistance to foreign Courts is embodied by Chapter 15, known as an ancillary proceeding involving a foreign corporation under former § 304 and Section 1504 of Title 11.

---

[2] Citations to any statute shall mean and refer to the sections under Title 11 of the United States Bankruptcy Code, unless otherwise provided.

The Administrators are responsible for preserving the Debtor's property and taking measures to secure the Debtor's assets during the Voluntary Administration.  In furtherance of such duties, the Petitioners seek an order granting recognition of the Voluntary Administration as a foreign main proceeding. Absent the relief under Chapter 15 upon recognition, the goals of the Voluntary Administration will be undermined. Granting recognition of the Voluntary Administration as a foreign main proceeding will best assure and maximize the chances that Maritimo can continue its business through the reorganization process in Australia or, if not, maximize the return to creditors. Such relief upon recognition will also aid in preventing the diversion or diminishment of the value of Maritimo's assets during the Voluntary Administration process, assure the just treatment of the creditors of Maritimo, rather than preferential treatment of U.S. creditors over foreign creditors, and facilitate the economic and expeditious administration of Maritimo's affairs consistent with the principles set forth in Chapter 15 of the Bankruptcy Code.

**A.     The Court has Jurisdiction and Venue is Proper for Purposes of the Petition Requesting the Court Recognize the Voluntary Administration as a Foreign Main Proceeding and for Related Relief**

This Court has jurisdiction to hear and determine cases commenced under the Bankruptcy Code, including core proceedings arising thereunder pursuant to 28 U.S.C. §§ 157 and 1334, and Section 1501 of Title 11 of the Bankruptcy Code.

A Petition for recognition of a foreign main proceeding under Chapter 15 of the Bankruptcy Code has been expressly designated as a core proceeding.  28 U.S.C. § 157(b)(2)(P). Section 157 of Title 28 provides, in pertinent part, that:

> (a)     Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)     (1)  Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(a), (b)(1).

Title 28 of the U.S. Code provides that a core proceeding includes "recognition of foreign proceedings and other matters under chapter 15 of title 11." 28 U.S.C. § 157(b)(2)(P).

Title 28 of the United States Code, Section 1410, governs venue under Chapter 15. Section 1410 provides that a case under Chapter 15 of Title 11 may be commenced in the District Court of the United States for the district "in which the debtor has its principal place of business or principal assets," the place "in which there is pending against the debtor an action or proceeding in a federal or state court" or the place that is "consistent with the interest of justice and the convenience of the parties having due regard to the relief sought by the foreign representative." § 1410(1)-(3). It is apparent that Section 1410 establishes a hierarchy. If the debtor does not maintain its principal place of business or have its principal assets in the district in the United States in which a debtor seeks to file a Chapter 15 proceeding, Section 1410(2) provides that it shall be the district "in which there is litigation pending against the debtor." Litigation is pending against Maritimo in the U.S. District Court in New Haven, Connecticut ("District Court Proceeding"), the same District of this Chapter 15 Petition. *See In re Suntech Power Holdings Company*, 520 B.R. 399, 413-414 (Bankr. S.D.N.Y. 2014). Maritimo is also debtor as defined under § 109(a) of Title 11 as Maritimo has an intangible property interest in the United States in the form of pre-Petition cross claims filed against the co-defendants in the same District Court Proceeding, and deposit of retainers prior to filing the Petition. Verif. Pet., ¶¶ 23-29; §§ 109(a), 101(41)(A)(ii), 1502(1); *In re Octavia Admin. Pty. Ltd.* 511 B.R. 361, 370, 372 (Bankr. S.D.N.Y. 2014); *Drawbridge Special Opportunities Fund LP v. Barnet,* 737 F.3d 238,

4

248-249 (2nd Cir. 2013); *In re Berau Capital Res. Pte. Ltd.,* 540 B.R. 80, 82, 84 (Bankr. S.D.N.Y. 2015).

**FACTUAL BACKGROUND**

The Court is respectfully referred to the Verified Petition, and the Joint Declaration of the Administrators as Petitioners and foreign representatives of Maritimo for the relevant facts, as well as the Exhibits, and other supporting documents which are required by Chapter 15, all of which are incorporated herein by reference.

I.      **THE PETITION AND RELATED RELIEF MEETS THE PROCEDURAL REQUIREMENTS OF CHAPTER 15**

Chapter 15 of the Bankruptcy Code applies where a foreign representative seeks the assistance of the United States Bankruptcy Court ("Court") in connection with a foreign insolvency administration, debt-adjustment or reorganization. § 1501(b)(1). Chapter 15 provides for "the fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested entities, including the debtor." § 1501(a)(3); *Armada (Singapore) Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.)* 480 B.R. 129, 136-137 (S.D.N.Y. 2012). Chapter 15 applies where assistance is sought in the United States … by a foreign representative in connection with a foreign proceeding." § 1501(b)(3). A Chapter 15 Petition has been filed by the foreign representatives for the purpose of obtaining the assistance of this Court with respect to a foreign proceeding *i.e.,* to avoid undermining the Debtor's affairs during the course of the Voluntary Administration under the general supervisory jurisdiction of the Federal Court of Australia ("Australian Court") and to accord the moratorium (stay) in Australia, which was automatically triggered by the appointment of the Administrators. Absent recognition of the Voluntary Administration as a foreign main proceeding, litigants or other creditors in the United States would obtain or acquire an advantage over other creditors in Australia who are bound by

the moratorium pursuant to the Voluntary Administration and potentially cause disruption of this process. *CA* § 440D.

### A. The Australian Proceeding is a Foreign Main Proceeding as Defined under the Bankruptcy Code and is Entitled to Recognition

The Voluntary Administration is entitled to recognition as a foreign main proceeding under Chapter 15 of the Bankruptcy Code because, among other things:

(A)  The Voluntary Administration is a foreign proceeding within the meaning of Section 101(23) of the Bankruptcy Code because it is a "collective judicial or administrative proceeding in a foreign country … under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation"; and, the Voluntary Administration is a foreign main proceeding within the meaning of Section 1502(4) of the Bankruptcy Code because it is pending in Australia, the country where Maritimo has its center of main interests ("COMI");

(B)  The Petitioners are foreign representatives within the meaning of Section 101(24) because they are persons "authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding";

(C)  A Petition seeking recognition under Chapter 15 of the Bankruptcy Code was filed in accordance with Section 1504 of the Bankruptcy Code with respect to Maritimo; and

(D)  The Petition meets the requirements of Section 1515 of the Bankruptcy Code because the Petition, seeking recognition of a foreign proceeding, has been filed by the foreign representatives accompanied by proof of their appointment in the foreign

proceeding and affirming the foreign proceeding's existence, and it is accompanied by the appropriate statements, by the foreign representatives in addition to meeting the other requirements.  Section 1515(a)-(d).

As discussed in the Declaration submitted herein by the Administrators dated October 20, 2016 ("Joint Declaration"), the Voluntary Administration is authorized under the Corporations Act. The Voluntary Administration is designed to implement a controlled and orderly process for the reorganization of the Debtor, which would best protect unsecured creditors and other interested persons. The Administrators herein are responsible for preserving the Debtor's property, maximizing the value of the assets, and taking measures to secure the Debtor's assets and prevent their diminishment in value in connection with their role as Administrators.

1.      **The Case is Commenced by the Foreign Representatives on behalf of the Debtor**

This Chapter 15 case was commenced by the Petitioners as the authorized foreign representatives of Maritimo under Section 101(24) of the Bankruptcy Code which defines a "foreign representative" and provides in pertinent part that:

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the Debtor's assets or affairs or to act as a representative of such foreign proceeding.

§ 101(24).

Exhibit A to the Verified Petition confirms that the foreign representatives were appointed as the Voluntary Administrators and are duly authorized to act as the foreign representatives of Maritimo within the definition of Section 101(24) of the Bankruptcy Code. CA §§ 435C, 436A.  Such appointment authorizes and empowers the Voluntary Administrators

to perform all acts necessary to administer the reorganization of the Debtor's assets and affairs and to act as the "representative of such foreign proceeding." § 101(24); *CA* § 435C.

Under the Corporations Act, upon appointment, an administrator, amongst other things, has control of a company's business property and affairs; may carry on that business and manage a company's property and affairs; and, perform any function and exercise any power that a company or any of its officers could perform or exercise if the company were not under Administration.

During the Voluntary Administration the powers of Maritimo's Directors over the company ceased and were assumed by the Administrators herein, given the applicable provisions of the Corporations Act, and the fact that the Administrators are duly authorized and empowered under Australian law.

Only the Administrators may exercise control over the Debtor's property during the Voluntary Administration, and any attempt to exercise control by anyone other than Petitioners, is void unless the action is taken with their consent pursuant to an order by the Australian Court. *CA* § 437D. Accordingly, during the Voluntary Administration, the power to act is solely vested in the Administrators to act on behalf of Maritimo. This gives the Petitioners the authority to act as foreign representatives as defined under Chapter 15 of the Bankruptcy Code, including the authority to commence this Chapter 15 case for recognition of a foreign main proceeding and related relief as described herein. *In re Poltech Trust*, 2005 Bankr. LEXIS 3214 at 1 (Bankr. N.D. Tex. Nov. 22, 2005) (holding that administrator appointed in voluntary administration in Australia qualified as foreign representative as the term was defined under the Bankruptcy Code).

**2.    This Chapter 15 Case Was Properly Commenced and Filed in Accordance with the Bankruptcy Code**

This Chapter 15 case was duly and properly commenced as required by Section 1504 of the Bankruptcy Code by the filing of the Petition under Section 1515(a) of the Bankruptcy Code by the foreign representatives on behalf of Maritimo. §§ 1504, 1515(a). The Petition was accompanied by all of the documents and statements that are required by Sections 1515(b) and (c) of the Bankruptcy Code. This includes a copy of the Resolution confirming the appointment of the Administrators, the Joint Declaration, Chapter 15 List, Joint Statement Identifying Foreign Proceedings, and Statement of Foreign Representatives. Exhibit A; § 1515(b)-(c). Having filed the Petition with Supporting Papers, and because the Court is entitled under Section 1516(b) of the Bankruptcy Code to presume the authenticity of the evidence and proof appointing the Administrators, the requirements of Section 1515 have hereby been met.  § 1516(b).

Chapter 15 applies where, as here, assistance is sought in the United States by foreign representatives, in connection with the foreign proceeding. § 1501(b)(1). This Chapter 15 case has been commenced for the purpose of obtaining the assistance of this Court to ensure the orderly administration process, including that approved by the creditors in the Voluntary Administration, and the effective and economical implementation of a reorganization in Australia without prejudicing the interests of creditors in the Voluntary Administration.

It is without question and undisputed that the process under Australian law for Voluntary Administration is a "collective judicial … proceeding in a foreign country" under "a law related to insolvency and adjustment of debt" or involving "reorganization" in which the assets and affairs of Maritimo are subject to the control of the Administrators, and the supervision of the Australian Court, and the Voluntary Administration considers the rights of all creditors. *In re Ashapura Minechem Ltd.* 480 B.R. at 136-144 (petition granting recognition of foreign main

proceeding on the basis that it meets all of the requirements of a collective proceeding, including but not limited to the fact that protects the interests of all creditors) (citation omitted); *In re Betcorp, Ltd.*, 400 B.R. 266, 281 (Bankr. D. Nev. 2009). The Voluntary Administration under Australian law is one of the primary means of administering a company *vis-à-vis* through a type of reorganization process pursuant to the Corporations Act, which is contemplated under the Bankruptcy Code. § 101(23). The Chapter 15 ancillary case was duly and properly commenced pursuant to the Bankruptcy Code by the filing of a Petition by the foreign representatives for recognition of a foreign main proceeding accompanied by all of the documents and information required by the pertinent sections. §§ 1504, 1509(a), (b)(3), 1515(a)-(c), 1516(b); *In re Bear Stearns High Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 126 (Bankr. S.D.N.Y. 2007), *aff'd* 389 B.R. 325 (S.D.N.Y. 2008). The Verified Petition submitted herein satisfies the requirements set forth under the Bankruptcy Code to have properly commenced a case for recognition of a foreign proceeding and the effects upon such recognition.

### 3.  Purpose of the Voluntary Administration and Powers of Administrators under the Corporations Act.

Under Australian law, an administrator or joint administrators may be appointed by: A company if the directors have resolved that the company is insolvent or likely to become insolvent at some future time provided that the company has not already been liquidated, (*CA* §§ 436A; 451A(1)), or if administration will likely achieve the continuation of the company's business, through reorganization and restructuring.

A liquidator or provisional liquidator of a company, may be appointed if there is a belief that the company is insolvent or is likely to become insolvent at some future time. Section 436B.

Once appointed, an administrator's duties include but are not limited to: investigating the company's business property and affairs and financial circumstances as soon as is practicable

after the administration begins; forming an opinion about whether a deed of company arrangement ("DOCA") will be in the creditors best interest (*CA* §§ 435C(2)(a), 439A(4)(a),(b)(i)); whether it would be in the creditor's interest for the administration to end and the company to be reverted back to its management, officers and directors (*CA* §§ 435C(2)(b), 439A(4)(b)(ii),  Corp. Act)); and, whether it would be in the creditor's interest for the company to begin winding up and ultimately liquidate (*CA* §§ 435C(2)(c), 439A(4)(b)(iii), Corp. Act)). An administrator asserts the opinion of the best course for the company at the second meeting of the company's creditors who decide the company's future with these choices in mind. *CA* § 439A(4)(b)(iv), (v).

An administrator has this full power and authority to act as the company's agent since the powers of the company's normal officers and directors are suspended during the administration process in terms of the direction of the company. *CA* §§ 437D, 471A. In dealing with a company's property, and affairs, the administrator makes all decisions during the administration, and may "bring or defend proceedings, or do anything else, in the company's name and on its behalf." *CA* §§ 437A(1), 442A(c).  Any attempt to exercise control over or assert claims against the company or the company's property by a party other than the administrators is void unless consented thereto or pursuant to a Court order.  See Joint Decl.

Although the Australian Court does not appoint the administrators, the Australian Court has general supervisory jurisdiction over the Voluntary Administration, and substantial judicial oversight which can be invoked by creditors and other interested persons.  The Australian Court has the authority to make such order(s) as deemed appropriate about how the laws governing the Voluntary Administration are to operate in relation to the particular company, and upon application by the administrator, provide directions or guidance about the exercise of the

administrator's functions and powers or performance of duties including directions related to any DOCA. The Australian Court's role is contemplated by the Corporation's Act § 447D(1),(2) which provides the Australian Court with a supervisory role in relation to an administrator's conduct and administration process including appeals. An Australian Court may make such orders as are just, including the removal of an administrator if the Australian Court finds the administrator "managed, or is managing, the company's business, property or affairs in a way that is prejudicial to the interests of some or all of the company's creditors or members." *CA* §§ 447E(1)(a), 449B; *In re Ashapura Minechem Ltd.* 480 B.R. at 137-138 (administering the daily operations of the company or court involvement in appointment not necessary). The filing of the Petition herein under Chapter 15 is consistent with the Administrators role to avoid dealing with Maritimo's "property or affairs in a way that is prejudicial to the interests of some or all of the company's creditors or members." *CA* § 447E(1)(a). To achieve these goals, the Administrators filed a Petition for recognition of a foreign proceeding for the purposes of triggering some of the relief upon recognition, including but not limited to, an automatic stay of proceedings or the commencement of same against the Debtor since the Australian moratorium is not operative in the United States. §§ 1519-1520; *St. Croix Condominium Owners v. St. Croix Hotel,* 682 F.2d 446, 448 (3rd Cir. 1982) ("to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor").

## II.   LEGAL AUTHORITY SUPPORTS THAT THE VOLUNTARY ADMINISTRATION QUALIFIES AS A FOREIGN MAIN PROCEEDING AND OPERATES SIMILIARLY TO THE U.S. BANKRUPTCY CODE

Section 101(23) of the Bankruptcy Code defines a "Foreign Main Proceeding" as:

> A collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law related to insolvency or adjustment of debt in which proceeding the assets and affairs of the Debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

See § 101(23).

The Voluntary Administration qualifies as a foreign main proceeding as it is defined because it satisfies all the requirements under the Bankruptcy Code. See § 101(23); *In re Betcorp, Ltd.*, 400 B.R. at 277, 283-284 (Bankr. D. Nev. 2009); *In re Oversight in Control Commission of Avanset, S.A.*, 385 B.R. 525, 533 (Bankr. S.D.N.Y. 2008); *Vesta Fire Insurance Corp. v. New Cap Reinsurance Corp.*, 244 B.R. 209, 2014-2015 (Bankr. S.D.N.Y. 2000) (administrator was appointed under the Australian Corporations Law which was ratified at the meeting of creditors, and a moratorium of all claims and proceedings became effective immediately upon such appointment in Australia; Court having found in granting recognition that there was no dispute that a foreign proceeding within the meaning of the Bankruptcy Code had been commenced in Australia, and that the administrator was a foreign representative). The Voluntary Administration qualifies as a "proceeding" given that under Chapter 15, "the hallmark of a proceeding is a statutory framework that constrains a company's action and that regulates the final distribution of a company's assets." *In re Betcorp, Ltd.*, 400 B.R. at 278. The Corporations Act provides the relevant statutory framework regarding Maritimo's actions and the final distribution of its assets. In *Betcorp*, the Court found that actions under the Corporations Act, such as the Voluntary Administration herein, are "proceedings" within the meaning of the Bankruptcy Code. § 101(23); *Id.* at 278. The Voluntary Administration is also judicial or administrative in character. It is administrative in one sense because it makes provisions for submission of proofs of debt and ultimate payment of creditors. *Id.* at 280. The Voluntary Administration herein was also commenced through a Resolution rather than by Court

order as permitted under the Corporations Act.  However, the Voluntary Administration also has

a judicial aspect given the Australian Court's supervision, and jurisdiction. *In re Ashapura*

*Minechem Ltd.* 480 B.R. at 138 (foreign court is not required to supervise or control day to day

operations, instead debtor's asses and affairs must be subject to judicial control or supervision

which is not a demanding standard).  Pursuant to the Voluntary Administration, the

Administrators are responsible for maximizing the value of the assets of Maritimo in an orderly

fashion, and maximizing the chances of Maritimo continuing in existence, and if it is not

possible to continue to exist, maximizing the chance to obtain a better return for Maritimo's

creditors and members then would result from an immediate winding up and liquidation.  *In re*

*Betcorp, Ltd.*, 400 B.R. at 281.  Therefore, the Voluntary Administration is collective because it

considers the rights and obligations of all creditors and protects their interests by means of

ensuring an orderly restructuring or liquidation of the Debtor for the benefit of all creditors.  A

collective proceeding "considers the rights and obligations of all creditors."

The Voluntary Administration was commenced in a foreign country, including the

Resolution to voluntarily proceed with the Administration since the Resolution was made by

Maritimo's Director in Australia.  It is undisputed that the Administrators are located in

Australia, and are Australian residents, and conduct and perform their processes and procedures

under Australian law, in addition to the fact that the Voluntary Administration is subject to

judicial supervisory oversight by the Australian Court.  It is evident that the Voluntary

Administration was initiated under the Corporations Act relating to insolvency or adjustment of

debt, involving reorganization and restructuring.  *In re Betcorp., Ltd.*, 400 B.R. at 282-283

(holding that a corporation engaged in a voluntary winding up under the Corporations Act is

being administered under law relating to insolvency; Cross-border Insolvency Bill 2008,

Explanatory Memorandum.

HTTP://www.comlaw.gov.au/ComLaw/legislations/bills1.nsf/0/0C4BA8C2687BE888CA2573E

F00117EAC/$file/13020811.pdf

Chapter 15 under the U.S. Bankruptcy Code, and other Chapters under the Code are

based similarly on the Corporations Act in Australia. The Voluntary Administration subjects a

debtor's assets and affairs to a foreign court's control or supervision, *i.e.*, the Australian Court.

The Administrators and interested persons, including Maritimo's creditors, have access to the

Australian Court during the Voluntary Administration. *In re Ashapura Minechem Ltd.*, 480 B.R.

at 138; *In re Betcorp, Ltd.*, 400 B.R. at 284; *CA* § 1321; §§ 101(23), 1502.

The Voluntary Administration is for the purpose of reorganization or liquidation

depending upon the vote of creditors. It was commenced for the purpose of reorganizing

Maritimo's finances and its affairs so that Maritimo can continue to do business; or, failing that,

provide for better distribution to the company's creditors than would ordinarily result from an

immediate liquidation of the company. *In re Betcorp, Ltd.*, 400 B.R. at 284-285; *CA* § 501;

§ 101(23). Thus, Maritimo is being afforded the opportunity to preserve its assets and manage

and reorganize its debts while a moratorium is in place against all claims which is quite

comprehensive, involving several sections of the Corporations Act, but most important,

prohibiting the continuation of proceedings or commencement of same against Maritimo in

Court, except for certain prescribed proceedings, including criminal actions to consider the rights

of all creditors rather than give some creditors an advantage over others.  Section 440D; *Allstate*

*Life Insurance Company v. Linter Group Ltd.*, 994 F.2d 996, 999 (2nd Cir. 1993) ("contrary to

appellant's assertions … there is no requirement that Australian liquidation proceedings be

identical to United States bankruptcy proceedings ….  What is important is that Australian law

provides a stay procedure to centralize all claims and 'enable [] the assets of a debtor to be dispersed in an equitable, orderly and systematic manner.'") (*quoting Cunard SS Co. v. Salen Reefer Services*, A.B., 773 F.2d 452, 458 (2nd Cir. 1985)); *CA* § 440D.

Under former § 304 of the Bankruptcy Code, the predecessor to Chapter 15 of the Bankruptcy Code, an Voluntary Administration was held to constitute a foreign main proceeding for purposes of seeking recognition and related relief. *In re Poltech Trust*, 2005 Bankr. LEXIS 3214 at 1 (Bankr. N.D. Tex. Nov. 22, 2005). Voluntary Administration in Australia should be accorded recognition and the effects of recognition under § 1520, as it qualifies as "foreign proceeding" as defined under § 101(23) and former Section 304 of the Bankruptcy Code. *In re Premier Oil Ons, Ltd.,* Case No. 09-12641-(RDD) (Bankr. S.D.N.Y. April 28, 2009); *In re Brierley*, 145 B.R. 151, 168 (Bankr. S.D.N.Y. 1992) (under predecessor § 304 of the Bankruptcy Code); *In re Bd. of Drs. of Hopewell Int'l Ins.*, 238 B.R. 25, 67-68 (Bankr. S.D.N.Y. 1999); *In re Manning v Manning*, 236 B.R. 14, 23 (B.A.P. 9th Cir. 1999) ("very purpose of the § 304 proceeding is to extend the English automatic stay to American creditors and assets and not allow creditors to do here what they would not be allowed to do in the United Kingdom") (citations omitted). Accordingly, the Voluntary Administration herein satisfies all of the requirements of the Bankruptcy Code to qualify as a foreign main proceeding. § 101(23); *In re Int'l Banking Corp., B.S.C.,* 439 B.R. 614, 625-626 (Bank. S.D.N.Y. 2010) (Second Circuit has frequently underscored the importance of judicial deference to foreign bankruptcy proceedings); *citing, Maxwell Commc'n Corp. v. Societe Generale (In re Maxwell Commc'n Corp.),* 93 F.3d 1036, 1048 (2nd Cir. 1996) ("[D]eference to foreign insolvency proceedings will, in many cases, facilitate 'equitable, orderly and systematic' distribution of the debtor's assets.") (citations omitted); *accord JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.,* 412 F.3d 418,

424 (2nd Cir. 2005) ("U.S. courts should ordinarily decline to adjudicate creditor claims that are the subject of a foreign bankruptcy proceeding…. In such cases, deference to the foreign court is appropriate so long as the foreign proceedings are procedurally fair"); *Finanz AG Zurich v. Banco Economico S.A.,* 192 F.3d 240, 246 (2nd Cir. 1999) ("We have repeatedly noted the importance of extending comity to foreign bankruptcy proceedings; since '[t]he equitable and orderly distribution of a debtor's property requires assembling all claims against the limited assets in a single proceeding,' American courts regularly defer to such actions.").

### A.    The Debtor's Center of Main Interests as Defined under the Bankruptcy Code is in Australia

This Court should recognize that the Voluntary Administration is a foreign main proceeding as it is defined under the Bankruptcy Code. § 1502(4). A foreign proceeding under the Bankruptcy Code is a foreign main proceeding if it is pending in the country where the debtor has its center of main interest. § 1517(b)(1); *In re Bear Sterns*, 374 B.R. at 127 (noting the presumption that Debtor's center of main interest is the place of its registered office may only be "rebutted by evidence to the contrary"). Absent evidence to the contrary, the debtor's registered office is presumed to be the center of the Debtor's main interest. § 1516(c). Maritimo is registered and incorporated in Australia and is qualified to be listed on the Australian stock exchange. Maritimo's registered office and the address of its principal place of business is 15 Waterway Drive, P.O. Box 452, Coomera, Queensland, 4210, in Australia. *In re Betcorp, Ltd.*, 400 B.R. at 286-290 (center of main interest equated to United States concept of a company's principal place of business) (citations and internal quotations omitted). Maritimo also occupies one other location, because its facility is not large enough, in Australia at 6 John Lund Drive, Hope Island QLD, Australia. Maritimo is a privately held company and has no place of business or headquarters in any other foreign country, including the United States.

Not only does the country where the business is registered support that Maritimo's center of main interests are in Australia, the principal books and records of Maritimo are located in and maintained in Australia. All of the Debtor's principal corporate, management, banking and management functions are undertaken in Australia. All business decisions, major budgeting, financial, and overall strategic decisions are made solely in Australia. Cash management and banking are coordinated and occur in Australia.  Maritimo's management reside in Australia. Maritimo, at the time of the Voluntary Administration had approximately six (6) full-time employees and 50 contractors in Australia, some of which additionally sub-contract out to other sub-contractors and all of whom are residents of Australia.  Maritimo's business, the manufacture of Maritimo Brand Vessels, takes place in Australia.

Based upon the aforementioned information, Maritimo's center of main interest is in Australia. *In re Sphinx, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006) (Debtor's center of main interest is presumed to be the country in which it is registered), *aff'd* 371 B.R. 10 (S.D.N.Y. 2007).  The facts, including the documents presented in support of the Petition support a finding that Maritimo's center of main of interest is in Australia given its registration, and locality, in addition to the fact that its principal place of business is in Australia. *In re Tri-Continental Exchange Ltd.*, 349 B.R. 627, 634 (Bankr. E.D. Cal. 2006). A debtor's center of main interest is determined as of the date of the filing of a Petition with the Bankruptcy Court. *In re Ran*, 390 B.R. 257, 300 (Bankr. S.D. Tex. 2008), *aff'd, Lavie v. Ran*, 406 B.R. 277 (S.D. Tex. 2009); *In re British Am. Ins. Co., Ltd.*, 425 B.R. 884, 909 (Bankr. S.D. Fla. 2010). Given the Voluntary Administration is pending in Australia which is the Debtor's center of main interest, the Voluntary Administration should be recognized as a foreign main proceeding under the Bankruptcy Code. § 1502(4). Here, the Administrators are Australian residents who are

authorized to act on behalf of an Australian company under Australian law, and Maritimo's

creditors and other third parties look to the Administrators in connection with the Voluntary

Administration of Maritimo in Australia, which is further evidence that the center of main

interest of the Debtor is in Australia. *In re British Am. Ins. Co., Ltd.*, 425 B.R. at 914.

### III.    GRANTING RECOGNITION IS CONSISTENT WITH THE FUNDAMENTAL PURPOSES OF THE BANKRUPTCY CODE

If the requirements for recognition under the Bankruptcy Code have been met an order

recognizing a foreign main proceeding shall be issued and entered and the effects of recognition

triggered. §§ 1517, 1520. Recognition hereunder is mandatory where the Chapter 15 Petition

meets the statutory requirements. H.R. Rep. 109-31(1), 109 Cong., 1st Sess. 2005, reprinted in

2005 USCCAN 88, 169 at 172. An order granting recognition shall be entered if "such foreign

proceeding for which recognition is sought is a foreign main proceeding or foreign non-main

proceeding within the meaning of Section 1502; the foreign representative applying for

recognition is a person or body; and the petition meets the requirements of Section 1515."

§ 1517(a)(1)-(3). The requirement under the Bankruptcy Code "which incorporates the

definitions in §§ 1502 and 101(23), (24) are all that must be fulfilled to attain recognition

without independent findings about the nature of the foreign proceeding."  The legislative history

of Section 1517 provides that the "decision to grant recognition is not dependent upon any

findings about the nature of the foreign proceedings of the sort previously mandated by [former

and repealed section] 304(c) of the Bankruptcy Code." H.R. Rep. 109-31(1), 109 Cong., Sess.

2005, reprinted in 2005 USCCAN 88, 169 at 175. The Voluntary Administration is a foreign

main proceeding within the definitions and interpretation of the Bankruptcy Code, the

Administrators qualify as foreign representatives, and the Verified Petition submitted herein

meets the requirements of the Bankruptcy Code.   §§ 1502, 1515. Therefore, this Court should

enter an order granting recognition to the Voluntary Administration.   § 1517(a).

One of the fundamental purposes of the Bankruptcy Code is the centralization of disputes

involving the Debtor. *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 989 (2nd Cir. 1990) (the

Bankruptcy Code provides for centralized jurisdiction and administration of the Debtor, its estate

in its reorganization in the Bankruptcy Code). The firm policy of the American Courts includes

staying actions against a corporation which is the subject of a proceeding similar to the laws in

another jurisdiction. *Cornfeld v. Investors Oversees Services, Ltd.*, 471 F. Supp. 1255, 1259

(Bankr. S.D.N.Y. 1979) (recognizing a Canadian liquidation proceeding would not violate the

laws or public policy of the United States). The Voluntary Administration is similar in many

respects to cases which are commenced under Chapters 7 and 11 of the Bankruptcy Code which

provide for a centralized process to assert and resolve claims against and for a bankruptcy estate,

which will result in distributions to creditors or a reorganization plan, and the imposition of a

comprehensive stay.  *CA* § 440D. Recognition will promote the fair and efficient Administration

of Maritimo to protect the interest of all creditors and interested parties, as the process of

resolving claims against the Debtor will be centralized in Australia rather than piecemeal or

result in comprising the creditors in Australia that are subject to the stay in Australia.  *CA*

§ 440D. Creditors would be required to assert their claims in accordance with Australian law in

the Voluntary Administration, and any disputes would be subject to the uniform jurisdiction of

one tribunal, the Australian Court.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Petitioners respectfully request this Court grant the relief

requested herein in its entirety and such other and further relief as it deems just and proper.

Dated:  Bridgeport, Connecticut
        October 21, 2016

                                        Maritimo Offshore PTY, LTD.


                            By:     ___/s/ Matthew K. Beatman_____
                                    Matthew K. Beatman, Esq.
                                    ZEISLER & ZEISLER, P.C. (ct08923)
                                    10 Middle Street
                                    15th Floor
                                    Bridgeport, CT  06604
                                    Tel: (203) 368-4234
                                    Fax: (203) 549-0889
                                    Email: mbeatman@zeislaw.com

            Carol A. Crossett, Esq. (phv07860 for District Court in Conn.)
            (motion for pro hac vice to be filed
            for Purposes of Chapter 15)
            200 Old Country Road, Suite 400
            Mineola, NY 11501
            Tele: (516) 873-3000
            Fax: (516) 873-9032
            Email: ccrossett@dealerlaw.com